■ MODICA ASSOCIATES OF N.Y. 122, LLC, Appellant, v TOWN OF ISLIP, Respondent. [784 NYS2d 610]—

In an action, inter alia, for a judgment declaring that the defendant's issuance of seasonal boat berthing and parking permits is illegal, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), entered June 16, 2003, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) and 3212 to dismiss the complaint and denied its cross motion for partial summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant's issuance of seasonal boat berthing and parking permits is legal.

The New York State Legislature, pursuant to chapter 455 of the Laws of 1903, authorized the Town of Islip to acquire and/or erect docks in various locations within the Town. Two years later, the State of New York granted title to the land lying under the water of the Great South Bay in Bay Shore to the Town for the purpose of erecting a public dock.

The plaintiff failed to show that the permit system utilized by the Town is private in nature and therefore violative of chapter 455 of the Laws of 1903. The Town's use of the land is public in nature. The berths are awarded to residents of the Town on a first-come, first-served basis. The Town does not convey a property interest to the permit holders. Rather, the applicants are granted the limited right to berth their boats at the dock for recreational purposes, a right which is temporary and revocable. The Town does not operate the dock as a commercial entity. The dock area itself is open to the public as a whole, and public access to the water is not restricted. Indeed, parking spaces are available for the use of the public other than permit holders. Therefore, the Supreme Court properly granted the Town's motion as there was no showing that the Town's use of the subject property violated chapter 455 of the Laws of 1903.

The plaintiff's remaining contentions are without merit.

Since this is an action for a declaratory judgment, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the Town of Islip's issuance of

seasonal boat berthing and parking permits is legal (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Ritter, J.P., Goldstein, Adams and Crane, JJ., concur.